DAWN S. PITTMAN, Bar No.: 177962
JESSICA L. SCHEPPMANN, Bar No.: 239526
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Plaintiff
THRESHOLD ENTERPRISES LTD.

JOYCE C. WANG [Bar No.: 121139; jwang@ccplaw.com]
CHRISTOFER C. NOLAN [Bar No.: 229542; cnolan@ccplaw.com]
CARLSON, CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, California 94111
Telephone:    (415) 391-3911
Facsimile:    (415) 391-3898

Attorneys for Defendant
AFFILIATED FM INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THRESHOLD ENTERPRISES, LTD., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>AFFILIATED FM INSURANCE COMPANY, a Rhode Island corporation, and DOES 1 through 30,<br><br>    Defendants. | CASE NO.: CV 08-00327 JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date:        May 9, 2008<br>Time:        10:30 a.m.<br>Location:    Courtroom 3<br>Judge:       Honorable Jeremy Fogel<br><br>Original State Action Filed: December 17, 2007 |

Plaintiff THRESHOLD ENTERPRISES, LTD. ("Plaintiff") and Defendant AFFILIATED FM INSURANCE COMPANY ("Defendant") jointly submit this Case Management Statement

1-SF/7695397.2

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**
**CASE NO.: CV 08-00327 JF**

and Proposed Order in connection with the Case Management Conference scheduled for May 9, 2008 at 10:30 a.m. Pursuant to FRCP 26(f), counsel for the parties in this action met and conferred on April 2, 2008 to discuss deadlines and the manner in which the discovery will be conducted and information will be exchanged in this action. The parties respectfully request the Court adopt this statement as its Case Management Order.

**I.     JURISDICTION AND SERVICE**

The Court has removal jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, as it is between a non-resident Defendant and a resident Plaintiff, the parties are diverse, and the amount at issue is above the jurisdictional minimum of $75,000. There are no issues regarding personal jurisdiction or venue, and there are no additional parties to be served.

**II.    FACTS**

This is a breach of contract case. Plaintiff Threshold Enterprises suffered property damage and business interruption losses resulting from a December 19, 2005 roof collapse of Building 23 at its Scotts Valley, California facility. The roof collapse resulted in property damage to the building as well as raw materials and stock used by Plaintiff to manufacture vitamins and nutritional supplements. This damage resulted in the temporary relocation of operations from Building 23 to another building in a nearby facility and, according to Plaintiff, slowed production capacity. This case arises over a dispute about the coverage available for Plaintiff's claim of business interruption loss resulting from the damage and the amount of the loss. Certain property damage amounts have already been reimbursed; however, the parties disagree about the calculation of Plaintiff's business interruption loss.

Plaintiff contends that it is undisputed that it suffered business interruption loss as a result of the collapse of the Scotts Valley facility. Further, there is no dispute that the contract for insurance issued by Affiliated FM explicitly covers such a business interruption loss. What is at issue is the dollar amount of Plaintiff's loss. Plaintiff has provided Defendant with extensive documentation, including a claim report by Plaintiff's consulting expert, LECG. The LECG report provides the methodology and the basis for Plaintiff's calculation of the business

interruption loss. Plaintiff presented its claim and met with Defendant on this issue prior to filing this lawsuit, but to date Defendant has failed or refused to pay Plaintiff's business interruption loss.

Defendant contends that Plaintiff has used a measure for calculating its business interruption claim that is not covered under the policy. Defendant advised Plaintiff of its position in writing, in response to the LECG report. Defendant also contends that Plaintiff has failed to adequately document its claimed business interruption loss and provide Defendant with sufficient information to fully evaluate this claim under the proper measure provided in the policy.

**III.    LEGAL ISSUES**

There is no dispute as to the applicability of the Affiliated FM contract of insurance to the Threshold loss stemming from the December 2005 roof collapse. Affiliated FM has previously confirmed that coverage is owed under the policy and has made certain payments thereunder. The sole source of dispute is the appropriate method of calculation and amount owed by Affiliated FM for the claimed damages resulting from the business interruption loss.

**IV.    MOTIONS**

There are no prior or pending motions. Plaintiff is considering filing a motion for partial summary judgment to resolve any potential legal questions regarding the terms of the insurance contract. Defendant is considering filing a motion for partial summary judgment to resolve any potential legal questions regarding the terms of the insurance policy.

**V.    AMENDMENT OF PLEADINGS**

The parties currently do not anticipate adding additional parties or amending the current pleadings. The parties do not object to a deadline of ninety (90) days after the date the Scheduling Order is issued to join parties or amend pleadings, with a sixty (60) day deadline for the filing of any motions to join parties or amend pleadings.

**VI.    EVIDENCE PRESERVATION**

Defendant initiated a litigation hold in this matter to ensure that evidence relevant to the issues in this matter would be preserved.

Plaintiff has distributed a document hold notice to relevant personnel. Plaintiff has already provided Affiliated FM extensive documentation of the business interruption loss associated with the December 2005 roof collapse.

**VII.  DISCLOSURES**

The parties have agreed to exchange their Rule 26(a) Initial Disclosures no later than May 2, 2008, prior to this conference date.

**VIII.  DISCOVERY**

The parties have agreed to conduct discovery in several distinct phases, with written discovery preceding oral depositions of the parties and percipient witnesses, which together will precede expert discovery. The parties propose the dates contained in Section XVII as the sequence of discovery in this case.

**IX.  CLASS ACTIONS**

This is not a class action.

**X.  RELATED CASES**

There are no related cases or proceedings, except for the State Court venue from which this action was removed. Despite the filing of a Notice of Removal in the State Court on January 18, 2008, the State Court has informed Defendant's counsel that it nevertheless has a policy of conducting Case Management Conferences in such cases, and held a conference on April 15, 2008. At the conference, the court noted the Notice of Removal, but requested parties return for a follow up status conference on October 14, 2008.

**XI.  RELIEF**

Plaintiff seeks monetary damages under the Affiliated FM insurance contract no. TS 182 for the business interruption loss suffered as a result of the December 2005 roof collapse.

**XII.  STATUS OF SETTLEMENT DISCUSSIONS AND ADR**

The parties have not held settlement discussions since the initiation of this action by Plaintiff. The parties are amenable to pursuing alternative dispute resolution in the form of non-binding mediation.

**XIII. CONSENT TO MAGISTRATE**

All parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**XIV. OTHER REFERENCES**

None at this time.

**XV. NARROWING OF ISSUES**

The parties expect to be able to present certain issues at trial through stipulated facts.

**XVI. EXPEDITED SCHEDULE**

The parties do not believe that the case is appropriate for an especially expedited schedule.

**XVII. SCHEDULING**

1. Deadline to File ADR Certification:   April 18, 2008;
2. Non-Expert Discovery cut-off[1]:   ___October 10, 2008;
3. Expert Discovery Cut-Off:   _____   December 12, 2008;
4. Final Motion Cut-Off:   January 23, 2009;
5. Final Pre-Trial Conference:   March 9, 2009;
6. Trial date:   March 30, 2009.

**XVIII. TRIAL**

The parties have each demanded a trial by jury. The parties expect the full case to take less than two weeks to try.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant filed its "Certification of Interested Entities or Persons" in this Court on January 17, 2008 (Document No. 2), and restates the information here as follows:

1.   FMIC HOLDINGS, INC.;
2.   FM INSURANCE COMPANY LIMITED;
3.   MUTUAL BOILER RE; and

---

[1] The parties propose that all discovery cut-off dates be defined to include responses to all previously-served discovery. Any motions to compel must be filed within seven days of the discovery cut-off date.

5

1-SF/7695397.2

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**
**CASE NO.: CV 08-00327 JF**

4. **FM GLOBAL**

Plaintiff has no non-party interested entities or persons to disclose.

**XX.  OTHER MATTERS**

None.

DATE:  April 24, 2008                           DATE:  April 24, 2008

Morgan Lewis & Bockius LLP.              Carlson, Calladine & Peterson LLP


_____/S/_____              _____/S/_____
Dawn S. Pittman, Esq.                          Joyce C. Wang, Esq.
Attorney for Plaintiff,                        Attorney for Defendant,
Threshold Enterprises, Ltd.                    Affiliated FM Insurance Company


**IT IS SO ORDERED:**



UNITED STATES DISTRICT JUDGE

_____

DATED: _____

153007

CARLSON CALLADINE & PETERSON LLP
353 SACRAMENTO STREET
16TH FLOOR
San Francisco, CA 94111

1-SF/7695397.2

6

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**
**CASE NO.: CV 08-00327 JF**

**PROOF OF SERVICE BY MAIL**
(Code of Civil Procedure §§ 1013a, 1013(a), & 2015.5)

I, the undersigned, declare that I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is CARLSON, CALLADINE & PETERSON, 353 Sacramento Street, Suite 1600, San Francisco, California 94111.

On April 24, 2008, I served the attached:

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**

on the persons named below in said cause, by placing a true copy thereof enclosed in an envelope with postage prepaid fully thereon, and depositing it with the United States Mail at San Francisco, California, addressed as follows:

Dawn S. Pittman, Esq.
Morgan, Lewis & Bockius LLP
One Market St., Spear Street Tower
San Francisco, CA  94105
Facsimile:  (415) 442-1001

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at San Francisco, California, on April 24, 2008.

_____
Margie Jones

1-SF/7695397.2