1  DAWN S. PITTMAN, Bar No. 177962
   JESSICA L. SCHEPPMANN, Bar No. 239526
2  MORGAN, LEWIS & BOCKIUS LLP
   One Market, Spear Street Tower
3  San Francisco, California 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001

5  Attorneys for Plaintiff
   THRESHOLD ENTERPRISES LTD.
6

7                  UNITED STATES DISTRICT COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9                      SAN JOSE DIVISION

10

11  THRESHOLD ENTERPRISES, LTD., a          )  CASE NO.: CV 08-00327 JF
    Delaware corporation,                   )
12                                          )  **[PROPOSED] STIPULATED**
                  Plaintiff,                )  **PROTECTIVE ORDER**
13                                          )
            vs.                             )
14                                          )  Judge:    Honorable Jeremy Fogel
    AFFILIATED FM INSURANCE                 )
15  COMPANY, a Rhode Island corporation, and )  Original State Action Filed: December 17,
    DOES 1 through 30,                      )  2007
16                                          )
                  Defendants.               )
17                                          )

18  _____

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

DB2/20607674.1

                    STIPULATED PROTECTIVE ORDER

1    IT IS HEREBY STIPULATED AND AGREED, by and between Threshold Enterprises,

2   LTD., ("Threshold") and Affiliated FM Insurance Company ("Affiliated"), (together, "The

3   Parties") through their counsel as follows:

4        This Stipulated Protective Order shall govern the handling of documents and information

5   that any party deems to be proprietary and confidential and that may be produced during

6   discovery in this case.  The parties have stipulated to the entry of this Order pursuant to Federal

7   law and good cause appearing:

8        1.    **Material that May Be Designated Under This Protective Order**.

9        The Parties may designate any document, thing, material, testimony or other information

10  derived therefrom, as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE

11  ORDER" under the terms of this Stipulated Protective Order (hereinafter "Protective Order").

12  Confidential Information (hereinafter "Confidential Information") is information which a

13  designating party believes, in good faith, constitutes a trade secret or other confidential or

14  proprietary research, development processes, operations, type or work, or apparatus, or to the

15  production, sales, shipments, purchases, transfers, identification of customers, inventories,

16  amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership,

17  corporation, or other organization.  Confidential Information may also include commercial

18  information, client information, and/or private personal information, including but not limited to

19  social security numbers, telephone numbers and addresses, tax returns, banking or brokerage

20  information, or material that is subject to any privacy interest protected by law.

21       The term "Confidential Information" does not include any documents and other

22  information that have been previously disclosed publicly, provided such disclosure was not in

23  violation of a protective order in this proceeding.

24       2.    **Use of Discovery materials and Designated Information**.

25       Confidential Information shall be held in confidence by each person or entity to whom or

26  which it is disclosed (the "Receiving Party"), and may not be disclosed to any person or entity,

27  except as permitted in this Protective Order.  All Confidential Information shall be carefully

28  maintained by the Receiving Party in secure facilities, and access to such Confidential

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20607674.1                                    2

STIPULATED PROTECTIVE ORDER

1    Information shall be permitted only to persons having access thereto under the terms of this

2    Protective Order. Nothing in this Protective Order shall prevent the Designating Party from using

3    or disclosing its own Confidential Information for any purpose as it deems appropriate.

4        3.    **Procedure for Designating Documents or Other Discovery Materials**.

5        At or before the time of disclosure to the Receiving Party, the Designating Party may

6    designate (in whole or in part) discovery materials that it believes in good faith contain

7    Confidential Information by marking all pages or other such materials subject to the claim of

8    confidentiality as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE

9    ORDER." In the event the Designating Party elects to produce Confidential Information for

10   inspection, no marking need be made by the Designating Party in advance of the inspection, and

11   all inspected materials shall be deemed Confidential Information until the time copies of the

12   documents selected from the production are delivered to the Receiving Party. Once copies are

13   delivered to the Receiving Party, only those materials designated "CONFIDENTIAL" or

14   "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the Designating Party shall be

15   treated as such.

16       4.    **Inadvertent Failure to Designate**.

17       If the Designating Party inadvertently fails to designate discovery materials as

18   "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

19   otherwise wishes to change the designation of discovery materials, it may do so by written

20   designation after the production of the discovery materials or discovery of the inadvertent failure

21   to designate the discovery materials as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT

22   TO PROTECTIVE ORDER." Such information shall be treated by the Receiving Party as being

23   so designated from the time the Receiving Party is notified in writing of the change in

24   designation.

25       5.    **Procedure for Designating Deposition Testimony**.

26       At the request of the Designating Party, deposition testimony, including all copies of any

27   transcript of the deposition and any related deposition exhibits, that contain Confidential

28   Information may be designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20607674.1                          3

STIPULATED PROTECTIVE ORDER

1    "CONFIDENTIAL" subject to this Protective Order, and the original and all copies of such

2    deposition transcripts and exhibits shall be marked accordingly by the reporter or by the party or

3    parties then having possession of the original and the copies. Any deposition transcripts and

4    exhibits in existence prior to the entry of this Protective Order may be so designated as

5    Confidential Information by the Designating Party within 30 days of the entry of this Protective

6    Order, upon written notice to all counsel and the reporter.

7        6.    **Procedure for Objection to Designation**.

8        The Receiving Party may object to the Designating Party's designation of any discovery

9    materials as Confidential Information by giving written notice to counsel for the Designating

10    Party, identifying the designated document or information to which it objects and the reasons for

11    its objection. The Designating Party and Receiving Party shall, within 30 business days after the

12    Designating Party receives such notice, meet and confer in a good faith effort to resolve the

13    matter. Failing such resolution, the parties shall file a Joint Motion with the Court setting forth

14    their respective positions concerning the disputed discovery materials. Upon consideration of the

15    Joint Motion, the Court will determine the issues presented in the Joint Motion.

16        7.    **Access to Confidential Information by the Parties and their Counsel**.

17        Confidential Information shall not be used, disclosed or distributed to any person or entity

18    other than the following:

19        (a)    the named parties to Threshold Enterprises, Ltd., v. Affiliated FM Insurance

20    Company action, ("The Action") as well as current employees, and those persons or entities

21    acting for or on their behalf, including, but not limited to their attorneys (including in-house

22    counsel), paralegals, clerical and other assistants assigned to this matter;

23        (b)    as to any document, its author, its addressee(s), and any other person indicated on

24    the face of the document as having received a copy;

25        (c)    persons retained by a party or his, her or its outside counsel to serve as expert

26    witnesses or consultants to provide advise to counsel in connection with these actions (subject to

27    the additional terms set forth below);

28        (d)    stenographers, videographers, and their support personnel engaged to transcribe

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20607674.1                    4

STIPULATED PROTECTIVE ORDER

1    and/or record depositions conducted in the coordinated proceedings;

2          (e)    the Court and their support personnel, court reporters, stenographers, jurors and

3    alternate jurors, in any;

4          (f)    any special masters or mediators appointed by the Court, and their direct staff and

5    counsel;

6          (g)    persons who are deposed or appear as witnesses in this litigation (and their

7    counsel), either in preparation for or during their testimony, provided, however, that (i) those

8    persons are notified of and to agree to abide by the terms of this Protective Order; and (ii) those

9    persons are not permitted to retain copies of such Confidential Information;

10          (h)    persons who are not otherwise permitted to review Confidential Information under

11    this paragraph and whom counsel for either party interviews in connection with The Action, but

12    only if (i) counsel has a good faith basis to believe that the interviewee previously has seen the

13    Confidential Information; (ii) the interviewee is notified of the terms of this Protective Order; and

14    (iii) the interviewee is not permitted to retain copies of such Confidential Information.

15          By agreeing to this Protective Order, neither party is waiving its right to object to

16    discovery on any grounds, including a stay.

17          8.    **Access to Confidential Information for Litigation Support Services**.

18          Any Confidential Information may be disclosed to persons requested by counsel to furnish

19    services of exhibit preparation, photocopying, document coding, image scanning, jury consulting,

20    or the creation of any computer database from documents containing Confidential Information,

21    provided that such persons are informed of, and agree to be bound by, the terms of this Protective

22    Order.

23          9.    **Access to Confidential Information by Experts and Consultants**.

24          Any Confidential Information may be disclosed to experts and consultants retained by

25    either party provided that:

26          (a)    in advance of the receipt of any Confidential Information, the expert or consultant

27    signs a copy of the Agreement to Abide by Protective Order attached hereto as <u>Exhibit A</u>; and

28          (b)    the expert or consultant provides a copy of each executed Agreement to Abide by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20607674.1

5

1  Protective Order executed pursuant to this paragraph to counsel for the party who retained him or

2  her prior to the intended disclosure; and counsel maintains the executed copy(ies) of the

3  Agreement to Abide by Protective Order, which shall not be produced to counsel for other parties

4  except by agreement or Court Order.

5      If these two requirements are satisfied, the expert or consultant may fully disclose any and

6  all Confidential Information to his or her support staff/assistants.  It is not necessary for any

7  member of that support staff/those assistants to sign the Agreement to Abide by Protective Order,

8  but they must be informed of and agree to be bound by the terms of the Protective Order.

9  Nothing produced prior to the execution of this Protective Order and provided to a consultant

10  without a Confidential designation will be deemed subject to this agreement unless and until such

11  material is designated in writing by a party as "Confidential."

12      10.    **Submission of Confidential Information to Court.**

13      All documents of any nature, including briefs, motions, transcripts, pleadings or other

14  filings with the Court that contain or refer to Confidential Information shall be filed under seal

15  and labeled "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" and filed in sealed

16  envelopes or other scaled containers marked with the words "CONFIDENTIAL" or the like and a

17  statement substantially in the following form:

18      THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION AND OR

19  DOCUMENTS THAT ARE SUBJECT TO AN ORDER GOVERNING DISCOVERY AND

20  THE USE OF CONFIDENTIAL DISCOVERY MATERIAL ENTERED BY THE DISTRICT

21  COURT.  THE ENVELOPE SHALL NOT BE OPENED NOR THE CONTENTS THEREOF

22  DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.

23      A redacted version of any papers, deleting any Confidential Information, may be filed as

24  part of the public record before the Court overseeing the Action, provided such documents are

25  marked as "PUBLIC."

26      11.    **Additional Procedure to Protect Confidential Information Used in Open**

27  **Court.**

28      Counsel shall meet and confer regarding additional procedures as may be necessary to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20607674.1                                      6

STIPULATED PROTECTIVE ORDER

1    protect the confidentiality of any Confidential Information used in the course of any hearing or

2    other pre-trial proceedings.  Until the time that such procedures are agreed upon, if either party

3    intends to use any Confidential Information at any hearing or other pre-trial proceeding before the

4    Court, excluding depositions (addressed in ¶5 above) or written submissions to the court

5    (addressed in ¶10 above), its counsel shall provide counsel for the Designating Party with

6    advanced written notice of such intended use prior to the commencement of the proceeding.  The

7    Court shall determine whether and how to tailor disclosure to minimize the risk of harm to the

8    Designating Party.

9        This Protective Order shall be without prejudice to the right of the parties (1) to bring

10   before the Court at any time the question of whether any particular document or information is

11   confidential or whether its use should be restricted or (2) to present a motion to the Court under

12   Fed.R.Civ.Pro. 26(c) for a separate protective order as to any particular document or information,

13   including restrictions differing from those specified herein.  This Protective Order shall not be

14   deemed to prejudice the parties in any way in any future application for modification of this

15   Protective Order.

16       12.    **Modifications in Writing**.

17       Nothing herein shall prevent disclosure beyond the terms of this Protective Order if

18   counsel for the Designating Party consents in writing or on the record to such disclosure.  Any

19   consent given under this Protective Order with respect to confidentiality of the particular

20   document shall not be deemed a waiver of any other designation.

21       13.    **Inadvertent Production of Privileged Materials**.

22       The Designating Party shall, within 30 days of discovery of the inadvertent production of

23   privileged materials, notify the Receiving Party that document(s) or materials that should have

24   been withheld as privileged were inadvertently produced. Within 10 days of receiving such

25   notice, the Receiving Party shall return or certify the destruction of all copies (including

26   summaries) of such documents or materials.  The Receiving Party shall not disclose or use in any

27   manner the information claimed to be privileged.

28       14.    **Disposition Upon Conclusion**.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20607674.1                                          7

1    Within 30 calendar days after final judgment (whether after settlement or trial) of this

2    litigation, including the time for filing and resolution of all appeals, or such other period as the

3    parties agree upon, the Receiving Party shall either (a) return to the Designating Party or (b)

4    destroy and certify such destruction to the Designating Party, all documents, objects and other

5    materials produced by the Designating Party or designated as Confidential Information under this

6    Protective Order, and each Receiving Party shall destroy in whatever form, stored or reproduced,

7    all other documents, objects and other materials that contain or refer to Confidential Information.

8    Notwithstanding the foregoing, with written permission from the designating counsel, counsel of

9    record may retain copies of briefs and other papers filed with the Court, deposition transcripts,

10   and attorney work product that contains or constitutes Confidential Information, so long as such

11   briefs and other papers are maintained in confidence in accordance with the provisions of this

12   Protective Order and documents designated as containing Confidential Information produced by

13   Designating Parties are returned or destroyed.

14       15.    **Violation of this Protective Order**.

15       The Receiving Party, and all agents, attorneys, consultants and representatives of the

16   Receiving Party who become signatories to this agreement (by executing the Agreement attached

17   as Exhibit A hereto) agree to be bound by the terms of this Protective Order pending its entry by

18   the District Court.

19       In the event anyone violates or threatens to violate the terms of this Protective Order, the

20   Designating Party may immediately apply for injunctive or other relief against any such person or

21   entity for the purpose of enforcing this Protective Order notwithstanding the termination of this

22   action.

23       If Confidential Information is disclosed in violation of this Protective Order, any party

24   subject to this Protective Order who caused, permitted or was otherwise responsible for the

25   disclosure shall immediately inform the Designating Party of all pertinent facts relating to the

26   disclosure, and shall make every effort to prevent any further disclosure, including any disclosure

27   by any person or entity who received any Confidential Information in violation of this Protective

28   Order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20607674.1                                        8

16. **Other Proceedings**.

Any person or entity subject to this Protective Order who receives a subpoena or other request for the production or disclosure of Confidential Information shall promptly give written notice to the Designating Party, identifying the information sought and enclosing a copy of the subpoena or other request. The person or entity subject to the subpoena or other request shall not produce or disclose the Confidential Information without consent of the Designating Party, or until ordered to do so by a court of competent jurisdiction, provided that the Designating Party makes a motion or other application for relief from the subpoena or other request in the appropriate forum within 21 days from the date the Designating Party receives notice of the service of the subpoena.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20607674.1                                    9

STIPULATED PROTECTIVE ORDER

1

2      **IT IS SO STIPULATED AND AGREED.**

3

4

5      Dated: 7/18 , 2008                    MORGAN, LEWIS & BOCKIUS LLP

6                                             DAWN S. PITTMAN
                                              JESSICA L. SCHEPPMANN
7

8                                             By: _____

9                                                  Dawn S. Pittman
                                              Attorneys for Threshold Enterprises, LTD.
10     Dated: 7/9 , 2008

11                                            CARLSON, CALLADINE, & PETERSON LLP
                                              JOYCE C. WANG
12

13                                            By: _____

14                                                 Joyce C. Wang
                                              Attorneys for Affiliated FM Insurance Company
15

16
              **IT IS SO ORDERED.**
17

18     Dated: _____, 2007

19                                            _____
                                                  Honorable Jeremy Fogel
20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP        DB2/20607674.1                      10
ATTORNEYS AT LAW
 SAN FRANCISCO

## EXHIBIT A

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| THRESHOLD ENTERPRISES, LTD., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AFFILIATED FM INSURANCE COMPANY, a Rhode Island corporation, and DOES 1 through 30,<br><br>Defendants. | CASE NO.: CV 08-00327 JF<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:    Honorable Jeremy Fogel |

### AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I have read the Stipulated Protective Order entered in the above-captioned action (the "Protective Order"). I understand the terms of the Protective Order and agree to be fully bound by them. I understand, in particular, that any Confidential Information, and any copies, excerpts or summaries thereof and materials containing Confidential Information derived therefrom, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of the Threshold Enterprises, Ltd., v. Affiliated FM Insurance Company action, Case No. CV 08-00327 JF, and many not be used for any other purpose, including without limitation, any business or commercial purpose. I further understand that failure to abide by the terms of the Protective Order may result in legal action.

**Agreed:**

Dated:

By _____