UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THRESHOLD ENTERPRISES, LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AFFILIATED FM INSURANCE CO., )<br>)<br>Defendant. )<br>_____ ) | Case No.: C 08-0327 JF (PVT)<br><br>**INTERIM ORDER RE PARTIES'**<br>**PROPOSED FORM OF PROTECTIVE ORDER** |

Before the court is the parties [Proposed] Stipulated Protective Order. Based on the form of order submitted,

IT IS HEREBY ORDERED that no later than September 15, 2008, the parties shall submit a revised form of order that:

1. Describes the information that may be designated "CONFIDENTIAL" as "information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure."

2. Clarifies that if a party believes information designated "CONFIDENTIAL" has been disclosed publicly, and that such disclosure was not in violation of the protective order, that party must nonetheless treat the information as "CONFIDENTIAL" absent agreement of the Designating Party or order of the court to the contrary.

3. Provides that any party seeking to file with the court any documents containing information designated CONFIDENTIAL must comply with this court's Civil Local Rule 79-5.

ORDER, *page 1*

4.  Omits Paragraph 13.[1]

5.  Clarifies that Paragraph 14 does not apply to the court and court personnel. *See* CIVIL L.R. 79-5(f).

6.  Revises Paragraph 16 to read as follows:

"If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court."

IT IS FURTHER ORDERED that, pending entry of the final form of protective order, the provisions of the parties' proposed form of protective order, as modified herein, shall govern the handling of confidential information exchanged or disclosed during discovery in this case.

Dated: *8/15/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] Blanket protective orders are intended to facilitate application of the protections afforded under Rule 26(c) of the Federal Rules of Civil Procedure, which does not address the standards applicable to inadvertent production of privileged or work product information.  In the event a party inadvertently produces privileged or work product materials, that party may move for relief under the applicable legal standards.  *See, e.g., Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 331-32 (N.D.Cal. 1985).