UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THRESHOLD ENTERPRISES, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AFFILIATED FM INSURANCE CO., ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: C 08-0327 JF (PVT) <br><br> **FURTHER ORDER RE FORM OF PROTECTIVE ORDER** |

On August 15, 2008, this court issued an interim order regarding the parties' [Proposed] Stipulated Protective Order. On September 11, 2008, the parties filed a revised form of order along with a letter setting forth the parties' joint request for inclusion of procedures for resolving issues arising out of any inadvertent disclosure of privileged materials. Based on the parties' request and the revised form of order submitted,

IT IS HEREBY ORDERED that no later than September 30, 2008, the parties shall submit a further revised form of order that:

1. Omits from Paragraph 1 the list of categories (page 2, lines 15–22). The parties and their counsel are expected to make good faith determinations regarding what specific information warrants protection under Rule 26(c). They may not simply designate information "CONFIDENTIAL" because it falls within a specified category of documents.

2. Clarifies that if a party believes information designated "CONFIDENTIAL" has been disclosed publicly, and that such disclosure was not in violation of

      the protective order, that party must nonetheless treat the information as "CONFIDENTIAL" absent agreement of the Designating Party or order of the court to the contrary.  (The parties revised language at page 2, lines 23-26 appears to do the exact opposite – i.e., to allow a party to designate as "CONFIDENTIAL" information that has already been publicly disclosed.)

3.     Omits the language at page 6, line 21 through page 7, line 5.  Civil Local Rule 79-5 already covers these procedures.

4.     Rewords Paragraph 13 to read as follows:

    "Each party shall make efforts that are 'reasonably designed' to protect its privileged materials.  *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001).  What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require 'strenuous or Herculean efforts,' just 'reasonable efforts.'  *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc*. 2008 WL 350641, *1–*2 (ND Cal., Feb. 2, 2008); *see also*, FED.R.CIV.PRO. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving privilege, particularly when discovery of electronic information is involved).  When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate pre-production review, the parties may enter into non-waiver agreements for that particular production.  If the requesting party is unwilling to enter into such an agreement, the Producing Party may move the court for a non-waiver order.

    "In the event that, despite reasonable efforts, a Producing Party discovers it has inadvertently produced privileged materials, then within 30 calendar days the Producing party shall notify the Receiving Party that the document(s) or materials should have been withheld on grounds of privilege.  After the Receiving Party receives this notice from the Producing Party under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending resolution of the Producing Party's claim of privilege.  The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as reasonably possible after a notice of inadvertent production.  If the Producing Party and Receiving Party agree that the inadvertently produced material is privileged, and was disclosed despite efforts by the Producing Party that were 'reasonably designed' to protect the materials, then the Receiving Party shall return or certify the destruction of all copies (including summaries) of such material.  If no agreement is reached, then within 10 court days after the meet and confer, the Producing Party must seek a ruling from this court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material.  If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the court's ruling on the Producing Party's motion."

IT IS FURTHER ORDERED that, pending entry of the final form of protective order, the provisions of the parties' proposed revised form of protective order, as modified herein, shall govern the handling of confidential information exchanged or disclosed during discovery in this case.

Dated: *9/17/08*

                                  *Patricia V. Trumbull*
                                PATRICIA V. TRUMBULL
                                United States Magistrate Judge